Opinion No. 3 of Consolidated Cases
MOISE, Justice.
The trial judge held that there should be a partition by licitation. The appellants prosecute this devolutive appeal from that judgment, because they sought a partition in kind.
These two cases were consolidated because the same property was sought to be partitioned by the parties litigant. The property involved is described as follows:
"81 acres situated in East Baton Rouge Parish, Louisiana, known as the Kirkland Tract, being in Section 68, Township 7 South, Range 1 East, bounded now or formerly north by Joor, East by a portion of tract from which the 81 acres was originally taken, South by Newman and West by Curtis.”
James Jackson and Delphine Jackson acquired this property during their community of acquets and gains. There was no issue of their marriage, but both left issue by previous marriages. The appellants are some of these heirs.
Lewis M„ Kaufman, one of the plaintiffs who prayed for a partition by licitation, acquired a one-third interest in the above described property, as will be shown by the judgment of this Court in the case of Kaufman v. Jackson, 221 La. 957, 60 So.2d 886.
These suits are brought under the provisions of LSA-Revised Statutes 13:4971, which reads:
“Whenever any plaintiff shall own an undivided interest in real property situated in the state and shall be unwilling to continue to own the same in indivisión, and when a record owner or owners of any interest or interests in the property shall be absent from and not represented in the State of Louisiana, or his or their residences shall be unknown to the plaintiff and have not been ascertained although the plaintiff declares under oath that he has made diligent effort to ascertain same, or he or they shall be dead and the party desiring the partition sliall not know who are the heirs of any such decedent, or when the party desiring the partition shall not know whether the record co-owner is or is not dead, the plaintiff co-ozvner being unzmlling to remain in indivisión may obtain a partition by licitation of the property in question regardless of its divisibility. Service on the absent unlocated, or unknown defendant or defendants, may be obtained by service on an attorney at law appointed to defend the suit for such defendant or defendants and by affixing copies of the petition and citation on the door of the room where the court in which the suit shall be pending is held, or on a bulletin board located near. the entrance to the said court room.”
*338 An analysis of this provision of the Statute will show that a partition by licitation should be made when the following facts are apparent:
(a) When the record owner or owners of any interest in the property are absent and not represented in the State of Louisiana;
(b) When his or their residences are unknown to plaintiffs;
(c) When the party litigants desiring the partition do not know whether the record owner is or is not dead or who are the heirs of the decedent.
The record makes, as clear as light, these three manifest requirements — any one of which authorizes the partition as pronounced by the court.
Like a breath from the realm of common sense comes Article 1339 of the LSA-Civil Code, which reads:
“When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”
The showing made is that there are absentee heirs. The trial judge had to name a curator to represent them. In the Succession of James Jackson, it is not known who are all of his heirs, or who of these heirs are living or who are dead. All of the absentees are not known. These facts make it certain that the property cannot be divided in kind “without loss or inconvenience to one or more of the owners dividing it.”
Article 1340 of the LSA-Civil Code reads:
“It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
This provision of the Code affirms the correctness of the judgment of the trial court, because we do not know the nature and character of the soil in this 81 acre tract; nor do we know the low lands nor the high acreage; nor what part is woodland nor what is open farm lands; nor if there is any timber. We do not know the number of lots that would be necessary to give each heir his particular prorata, because we do not know the number of these heirs, who they are, or the proportionate share to be distributed to each.
The Court must be enlightened and afford the best possible protection to those that share in the inheritance, because “there is no virtue in sinning against the light or in persisting in palpable error, for nothing is settled until it is settled right.” There should be a partition 'by licitation with the proceeds from sale deposited in the State Treasury to give to all absentees and unknown owners an opportunity to as *340 sert their claim" against '1 the proceeds of salé.
For these reasons, the judgment of the district court, which directed the partition to be made by licitation and the terms and conditions therein imposed, is correct.
The judgment of the trial court, decreeing the partition by licitation, will be affirmed.
Judgment affirmed.
McCALEB, J., concurs in the decree.